UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHLEEN MORIARTY,<br><br>      Plaintiff,<br> v.<br><br>PORT OF SEATTLE,<br><br>      Defendant. | CASE NO. 2:23-cv-01209-TL<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME |

  This matter is before the Court on Plaintiff's motion for an extension of time to respond to Defendant's answer to September 20, 2023. Dkt. No. 9. Having reviewed the relevant record, the Court DENIES the motion, as explained below.

  Plaintiff Kathleen Moriarty proceeds without legal representation (*pro se*) and asks the Court to extend the time to respond to Defendant Port of Seattle's Answer (Dkt. No. 4) from September 6 to September 20, 2023 (Dkt. No. 9). Defendant has not responded.

  While Plaintiff is generally correct that Federal Rule of Civil Procedure 6(b) permits the Court to extend most deadlines, an extension of the deadline here is unnecessary because

Plaintiff does not have to reply to the Answer. Plaintiff presumably takes the September 6, 2023, deadline from the following rule: "A party must serve a reply to an answer within 21 days *after being served with an order to reply*, unless the order specifies a different time." Fed. R. Civ. P. 12(a)(1)(C) (emphasis added). Notably, the rules also specify that a reply to an answer is only required if the court *orders* one to be filed: in listing pleadings that are permitted, the Federal Rules of Civil Procedure includes, "*if the court orders one*, a reply to an answer." *Id.* 7(a)(7) (emphasis added); *see, e.g., G&G Food, Inc. v. Curry Pizza Co.*, No. C22-269, 2023 WL 5155846, at *1 (E.D. Cal. Aug. 10, 2023) (finding magistrate judge's order for filing responsive pleading to defendant's answer was in error and noting that "[o]rdering a reply [to an answer] is rare"). Here, the Court has not ordered Plaintiff to file a reply to the Answer. Nor does the Court see any sign that the Answer asserts a counterclaim to which Plaintiff must respond. *See* Fed. R. Civ. P. 7(a)(3) (permitting "answer to a counterclaim designated as a counterclaim"). Therefore, Plaintiff is neither required nor permitted to file a responsive pleading or other reply to the Answer.

Accordingly, Plaintiff's motion to extend (Dkt. No. 9) is DENIED as moot. For the avoidance of doubt, this Order applies only to the "reply to an answer" and responsive pleadings specified in Federal Rules of Civil Procedure 7(a) and 12(a). Plaintiff is free to file motions under the other subsections of Federal Rule of Civil Procedure 12 or other motions or filings permitted under the applicable law and rules.

Dated this 25th day of September 2023.

Tana Lin
United States District Judge