1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                      AT SEATTLE
10

11   KATHLEEN MORIARTY,                    CASE NO. 2:23-cv-01209-TL

12                   Plaintiff,            ORDER GRANTING MOTION FOR
              v.                           LEAVE TO AMEND
13
     PORT OF SEATTLE,
14
                     Defendant.
15

16

17   This case arises from Plaintiff Kathleen Moriarty's former employment with Defendant

18   Port of Seattle during the COVID pandemic. This matter is before the Court on Plaintiff's motion

19   for leave to amend her Complaint. Dkt. No. 15. Having reviewed the relevant record, the Court

20   GRANTS Plaintiff leave to file her proposed First Amended Complaint.

21                            I.     DISCUSSION

22        Plaintiff filed her initial Complaint in King County Superior Court, but her case was

23   removed to this Court on August 9, 2023. Dkt. No. 1. Plaintiff asserts claims of religious

24   discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 42000(e) *et seq.*, and

the Washington Law Against Discrimination, RCW 49.60 *et seq. Id.* ¶¶ 6.1–6.10. Plaintiff now moves to supplement her complaint with additional factual allegations and add several additional causes of action against Defendant arising from the events surrounding her employment during the COVID pandemic and eventual termination. Dkt. No. 15 at 1–4; *see also* Dkt. No. 15-1 (proposed First Amended Complaint).

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." This is a liberal standard, and a court should decline to grant leave to amend only if there is strong evidence of undue delay, bad faith, prejudice to the opposing party, or futility. *See, e.g.*, *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (internal quotation marks omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff argues that the ends of justice warrant granting leave to amend and that there is no evidence of delay, bad faith, or prejudice. Dkt. No. 15 at 2–4. Defendant does not dispute this assertion. Instead, Defendant opposes the motion because Plaintiff did not include a marked-up version of her proposed amendments along with her motion pursuant to Local Civil Rule ("LCR") 15. Dkt. No. 16 at 1. Defendant does not assert that Plaintiff's procedural error has caused undue delay or prejudice. *Id.* In reply, Plaintiff highlights her status as a *pro se* litigant and avers that she has corrected the technical mistake by including the missing mark up as an attachment.[1] Dkt. No. 17 at 2–3.

The Court finds that Rule 15's liberal standard warrants allowing the proposed amendments despite Plaintiff's procedural lapse. This case is still in the early stages and there is

---

[1] The Court notes that no attachment was included with Plaintiff's reply brief.

ORDER GRANTING MOTION FOR LEAVE TO AMEND - 2

no indication that Plaintiff is seeking the amendments in bad faith or that Defendant will be particularly prejudiced by the amendments.

That said, the Court cautions Plaintiff regarding her obligations as a *pro se* litigant going forward. Although the Court will allow for some leniency when considering *pro se* filings, in this circuit "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (internal citations omitted). These requirements include not only the Federal Rules of Civil Procedure, but also this district's Local Civil Rules and this Court's Standing Order for Civil Cases.[2]

## II.  CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Plaintiff's motion for leave to file an amended complaint (Dkt. No. 15) is GRANTED.
2. The Clerk is DIRECTED to file Plaintiff's proposed First Amended Complaint (at Dkt. No. 15-1) as a new docket entry, which shall henceforth be the operative complaint in this matter.
3. Defendant shall have **fourteen (14) days** from the filing of the amended complaint to answer or otherwise respond pursuant to Federal Rule of Civil Procedure 15(a)(3) and LCR 15.

Dated this 11th day of January 2024.

Tana Lin
United States District Judge

---

[2] Links to these and other resources available at https://www.wawd.uscourts.gov/sites/wawd/files/3a.%20Representing%20Yourself%20in%20a%20Civil%20Matter.pdf